# Cover Sheet

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

**J.F. and on behalf of her adolescents and mother
Plaintiff**

v.

**Luis Ventura
Defendant**

**Case No.: [To be Assigned]**
**Nature of Suit:** Civil Rights, Property, ADA Enforcement

**Emergency Filing for Immediate Review**

Submitted via Email to:
[USDCemergencyfile@txnd.uscourts.gov](mailto:USDCemergencyfile@txnd.uscourts.gov)

# Complaint for Writ of Execution to Enforce Lien Under Texas Property Code § 91.004(b), containing sensitive data

**TO THE HONORABLE JUDGE OF THIS COURT:**

Plaintiff **J.F.**, proceeding on behalf of her and her adolescents and mother, respectfully files this **Complaint for Writ of Execution** to enforce a lien pursuant to **Texas Property Code § 91.004(b)** and seeks immediate relief in light of compelling health, safety, and discriminatory stress considerations affecting vulnerable populations under the **Americans with Disabilities Act (ADA)**.

## I. Jurisdiction and Venue

1. This Court has jurisdiction under **28 U.S.C. § 1331** (federal question) and **28 U.S.C. § 1343** (civil rights enforcement) due to Plaintiff's claims under the ADA and Texas Property Code.

2. Venue is proper under **28 U.S.C. § 1391(b)** because the property at issue is located in the **Northern District of Texas**, and Defendant **Luis Ventura** conducts business in this jurisdiction.

## II. Parties

3. Plaintiff **J.F. and minor child** have a confidential address, under Texas Criminal Procedure **§** 58.052, at **VA210168 P.O. Box 12108 MC068, Austin, TX 78711-2108**, and proceeds on behalf of her children and mother, who resided in the subject property since **September 27, 2020**.

4. Defendant **Luis Ventura** may be served at **P.O. Box 183342, Arlington, TX 76096**.

## III. Factual Background

5. On **September 27, 2020**, Plaintiff and her family began residing at **[REDACTED Property Address]**, where Plaintiff, as a single parent, has invested **approximately $159,466.67** into maintaining the property.

6. Despite meeting all obligations, Plaintiff has encountered discriminatory practices by Defendant, including threats of eviction and non-compliance with

2

ADA accommodations for her and her mother's **medical conditions** and her adolescents' need for a **stable academic environment**.

7.  Defendant's actions threaten irreparable harm to Plaintiff's daughter, a **high school senior with a GPA exceeding 4.0**, in the midst of college applications, causing stress with long-term academic and psychological consequences.

8.  Plaintiff seeks enforcement of a **lien under Texas Property Code § 91.004(b)** to protect her family's right to safe and stable housing, particularly given the health and educational needs of her children and mother.

## IV. Legal Argument

### A. Enforcement Under Texas Property Code § 91.004(b)

9. **Texas Property Code § 91.004(b)** provides a remedy for tenants and residents to secure their interest in housing and enforce liens when a landlord acts in bad faith or breaches statutory obligations.

10.     The Texas Supreme Court in **PNC Mortgage v. Howard, 2023 WL 3398580 (Tex. 2023)** reaffirmed the enforceability of equitable liens in cases involving substantial reliance, emphasizing that lien enforcement ensures fairness when significant investments have been made to satisfy prior obligations. This precedent establishes that parties relying on equitable remedies may foreclose on prior liens to protect their interests, even when procedural defects exist in later liens.

11.     The Court ruled that equitable subrogation ensures the continuity of security interests, preventing undue hardship on innocent parties while maintaining property rights integrity. Thus, Plaintiff's lien enforcement under similar circumstances is justified and necessary.

### B. ADA Protections and Housing Stability

12.     The **ADA**, **42 U.S.C. § 12101 et seq.**, prohibits housing practices that disproportionately affect individuals with disabilities. The **Fair Housing Act (FHA)** also supports such protections by recognizing disparate impact liability under circumstances where discriminatory effects harm vulnerable populations. *See* **Texas Department of Housing and Community Affairs v. Inclusive Communities Project, Inc., 576 U.S. 519 (2015)**.

13.     **National Institutes of Health research** supports that housing instability worsens neurological and psychological health, with significant

3

adverse effects on adolescents' cognitive development during critical academic periods.

14. Recent cases demonstrate courts' increasing recognition of the ADA's broad protections against housing discrimination. For instance, the **Dallas Housing Authority** faced a federal lawsuit for failing to provide reasonable accommodations, which endangered disabled individuals' rights to community-based housing.

## V. Irreparable Harm and Necessity for Immediate Relief

15. Imminent eviction would cause significant and irreparable harm to Plaintiff's daughter's academic performance and college prospects, violating **ADA and FHA** protections.

16. Plaintiff's and her mother's neurological and physical conditions would be exacerbated by forced displacement, emphasizing the need for immediate judicial intervention under the **ADA** and **FHA**.

17. Housing stability is a fundamental right under both state and federal law, as emphasized in **Inclusive Communities** and similar cases. Courts consistently find that failure to provide reasonable accommodation or prevent displacement is actionable discrimination.

## VI. Relief Requested

WHEREFORE, Plaintiff respectfully requests:

1. Issuance of a **Writ of Execution** allowing enforcement of the lien under **Texas Property Code § 91.004(b)**;

2. An **immediate injunction** to prevent Defendant from further discriminatory actions and ensure Plaintiff's family's continued residence;

3. Recognition of **ADA accommodations** for Plaintiff's mother and adolescents' health needs;

4. Costs of suit, including attorney's fees, under **42 U.S.C. § 12205**; and

5. Any further relief the Court deems just and equitable.

**Respectfully submitted,**
/s/Ms. J.F.
Plaintiff
Google Voice Phone: (469) 278-4046

4

**Name Redacted:**



5