IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **J. F. and on behalf of her adolescents and mother,** § § § | |
| **Plaintiff,** § § | |
| v. § | Civil Action No. 4:24-cv-01208-O-BP |
| **LUIS VENTURA,** § § § | |
| **Defendant.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff's Amended Motion for Summary Judgment (ECF No. 13), filed December 30, 2024, and Plaintiff's Motion for Default Judgment (ECF No. 14) filed on January 2, 2025. Although summons was issued, the docket reflects that the plaintiff has not served the defendant. As no court can enter a judgment against a defendant without proper service of process against that defendant under Rule 4 of the Federal Rules of Civil Procedure, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Plaintiff's Motions for Summary Judgment and for Default Judgment (ECF Nos. 13 and 14).

A party can move for summary judgment at any time, even at the commencement of the action. Fed R. Civ. P. 56(b) & advisory committee's note to 2010 amendment. However, the trial court may consider an early motion to be premature. 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2718 (4th ed. 2008). "Thus . . . it is within the trial court's discretion to deny a motion for summary judgment without prejudice to its being renewed at a later time and the court may grant a renewed motion upon a showing of good cause." *Id.*; *see also Jones v. Wike*, 654 F.2d 1129, 1130 (5th Cir. 1981) (per curiam) (holding that the district court "did not

abuse its discretion in reconsidering its initial order denying summary judgment in light of the new affidavits"); *Curran v. Kwon*, 153 F.3d 481, 487 (7th Cir. 1998) (holding that a district judge's denial of summary judgment does not bar the submission of a later, second motion for summary judgment).

Likewise, a multi-step process must occur under Federal Rule of Civil Procedure 55 before a court may enter default judgment against an unresponsive party. First, a default must occur. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "A default occurs when a defendant has failed to plead or otherwise respond to [a] complaint within the time required by the Federal Rules." *Id*. at 141 (emphasis deleted). Once a default has occurred, "and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). It is only then that a party may apply to the court for a default judgment. Id. at 55(b)(1)–(2). However, even if a clerk has entered a default and the non-defaulting party makes a motion for default judgment, the court maintains discretion as to whether to enter default judgment against a party. *See Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977) (citing 10A Wright &. Miller, *Federal Practice and Procedure* § 2685).

A federal court cannot enter a valid judgment in the absence of jurisdiction over the defendant's person. 4 Wright & Miller § 1063; *see also Recreational Properties, Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986) ("If a court lacks jurisdiction over the parties because of insufficient service of process, the judgment is void and the district court must set it aside."). Proper service of process is required because it gives notice to the defendant that an action is pending. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700 (1988). "[A] judgment entered without notice or service violates the Due Process Clause." *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80 (1988).

Though the Plaintiff's Motion for Summary Judgment and Motion for Default Judgment have been pending for over four months, consideration of those motions at this time would be premature because the defendant has not yet been served or appeared in this case, discovery has not been undertaken, and any judgment now entered would be void. It is within the Court's discretion to deny a motion for summary judgment and motion for default judgment without prejudice to a later renewal. The undersigned therefore **RECOMMENDS** that Judge O'Connor **DENY** Plaintiff's Motion for Summary Judgment (ECF No. 13) and Motion for Default Judgment (ECF No. 14) without prejudice to Plaintiff's right to file such motions after Defendant has answered or otherwise appeared in the case.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

It is so **ORDERED** on May 13, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE