IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| J. F. and on behalf of her adolescents and mother, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:24-cv-01208-O-BP |
| LUIS VENTURA, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On December 9, 2024, this case between a landlord and his tenant was referred to the undersigned pursuant to Special Order No. 3. Now Before the Court is Defendant's Motion to Dismiss (ECF No. 36) under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5) and 12(b)(6), filed July 3, 2025. ECF No. 6. Based upon a full review of the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief Judge Reed O'Connor **GRANT** Defendant's Motion to Dismiss (ECF No. 36) and dismiss Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6) without prejudice.

**I.      BACKGROUND**

*Pro se* Plaintiff J.F. brings this action on her own behalf and on behalf of her mother and children. ECF No. 3. She alleges violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq., and Texas Property Code § 91.004(b), arising from allegedly "discriminatory practices by Defendant, including threats of eviction…" ECF No. 3. On July 3, 2025, Defendant Luis Ventura moved to dismiss J.F.'s claims under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5) and 12(b)(6). ECF

No. 36. J.F. did not file a response to the Motion.

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(1) Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Because "[f]ederal courts are courts of limited jurisdiction[, t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "Article III's case-or-controversy requirement imposes an 'irreducible constitutional minimum of standing.'" *Yarls v. Bunton*, 905 F.3d 905, 909 (5th Cir. 2018) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). To satisfy Article III standing, a plaintiff must show: (1) injury in fact; (2) causation; and (3) redressability. U.S. Const. art. 3, § 2, cl. 1; *Bennett v. Spear*, 520 U.S. 154, 167 (1997).

As to showing injury in fact, a plaintiff must "implicate 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'" *Lujan*, 504 U.S. at 560 (internal citations omitted). Next, the causation prong requires the injury to be "fairly traceable to the defendant's allegedly unlawful conduct." *Nat'l Park Hosp. Ass'n v. Dept. of Interior*, 538 U.S. 803 (2003) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). Finally, "redressability requires that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561. Notably, "the party invoking federal subject matter jurisdiction bears the burden of establishing each element [of the standing requirement]." *Id*. (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

"Standing is a required element of subject matter jurisdiction and is therefore properly

challenged on a 12(b)(1) motion to dismiss." *SR Partners Hulen, LLC v. JPMorgan Chase Bank, Nat. Ass'n*, No. 3:10-CV-437-B, 2011 WL 2923971, at *3 (N.D. Tex. July 21, 2011) (citing *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989)). "The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Id.* (citing *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir.1984)).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* Dismissal for lack of subject matter jurisdiction "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.*

### B.    Rule 12(b)(5) Standard

Rule 12(b)(5) permits a party to move for dismissal of a complaint for insufficient service of process. Fed. R. Civ. P. 12(b)(5). In the absence of service, proceedings against a party are void. *Mooney Aircraft, Inc. v. Donnelly*, 402 F.2d 400, 406 (5th Cir. 1968) (citing *Earle v. McVeigh*, 91 U.S. 503, 509 (1875)).

Rule 4 of the Federal Rules of Civil Procedure governs rules of process. A plaintiff's failure to serve process within the ninety-day time limit rule 4 imposes requires the Court to dismiss the action without prejudice, or order service be made within a specific time. Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Good cause normally requires a "showing of good faith . . . and some reasonable basis for noncompliance within the time specified." *Thrasher v. City of*

*Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)).

    C.    **Rule 12 (b)(6) Standard**

Rule 12(b)(6) permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Each claim must contain "a short and plain statement . . . showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). Accordingly, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Bell Atl. Corp.*, 550 U.S. at 547).

J.F. is proceeding *pro se*. Particular to a *pro se* party, courts liberally construe the pleadings, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

### III. ANALYSIS

**A. The Court lacks subject matter jurisdiction over J.F.'s claims she asserts on her mother's and children's behalf.**

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. However, a party "cannot be represented by a nonlawyer," because § 1654 "does not include the phrase, 'or by a nonlawyer.'" *Raskin ex rel. JD v. Dall. Indep. Sch. Dist.*, 69 F.4th 280, 283 (5th Cir. 2023) (quoting *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998); *see also Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law."); *McPhail v. United States*, No. 5:22-cv-253-H-BQ, 2022 WL 20510185, at *4 (N.D. Tex. Dec. 29, 2022) ("[T]o proceed '*pro se* means to appear for one's self,' and therefore 'a person may not appear on another person's behalf in the other's cause.'" (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)), *rec. adopted*, 2023 WL 5216501 (N.D. Tex. Aug. 14, 2023).

However,

> the right to proceed *pro se* under § 1654 is not limited to cases where the *pro se* party is a named plaintiff. The statute provides for *pro se* representation in any case that is a party's "own." This language is rooted in the Judiciary Act of 1789, which said that "parties may plead and manage their own causes personally or by the assistance of counsel." At the Founding, "own" meant "belonging to" oneself, and it means the same thing today. Accordingly, for a person to invoke § 1654, the only requirement is that the case [s]he seeks to prosecute must belong to h[er].

*Raskin*, 69 F.4th at 283 (cleaned up); *accord Iannaccone*, 142 F.3d at 558.

"[A] *pro se*, non-lawyer parent or guardian may not represent the interests of her minor child." *Chatman v. Mississippi High Sch. Athletics Ass'n*, 552 F. App'x 335, 337 (5th Cir. 2014). "[A] party cannot represent her child unless the child's case is the parent's 'own.'" *Santos v. Rhodes*, No. 3:23-cv-2366-S-BN, 2024 WL 4858585, at *1 (N.D. Tex. Nov. 20, 2024) (internal

5

citations omitted). And a "parent seeking to represent a child bears the burden of showing that federal or state law authorizes her to do so." *Id*. (footnote omitted). That is because, "[w]ithout some federal or state law designating [the child's] claims as belonging to [the parent], the traditionally recognized 'common-law backdrop' applies, which is that non-attorneys cannot litigate the interests of others under 28 U.S.C. § 1654." *Id*. (footnote omitted).

Where a parent plaintiff does not "establish that under § 1654, federal or state law authorizes her to proceed *pro se* on behalf of her children," *Raskin*, 69 F.4th at 287, courts have dismissed without prejudice the claims of the minor plaintiff. *See, e.g., Davis v. Logan*, No. 4:24-cv-15-O-BP, 2024 WL 4627646, at *7 (N.D. Tex. Oct. 7, 2024), *rec. adopted*, 2024 WL 4626085 (N.D. Tex. Oct. 30, 2024); *see also Clark v. City of Pasadena*, No. 4:23-cv-04050, 2024 WL 4354819, at *4 (S.D. Tex. Sept. 30, 2024) (dismissing under Federal Rule of Civil Procedure 12(b)(1) because the plaintiff "did not establish that 'federal or state law authorizes h[er] to proceed *pro se* on behalf of h[er] children.'").

J.F. attempts to proceed *pro se* as to the claims of her mother and children and alleges violations of federal laws. ECF No. 3 at 4. In her relief requested, she seeks "[r]ecognition of ADA accommodations for [her] mother and adolescents' health needs." *Id*. The Fifth Circuit has held that "those not licensed to practice law may not represent the legal interest of others." *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 210 (5th Cir. 2016). Further, J.F. pleads no facts to show that she is a lawyer, nor has she "affirmatively and distinctly" alleged under § 1654 facts or authority to show that she is able to represent her children or mother in federal court for violations of the ADA or FHA in response to the Court's order directing her to provide this authority. *Raskin*, 69 F.4th at 287. Consequently, she has not met her "burden of showing that federal or state law authorizes" her to proceed on behalf of her mother or children, and she cannot represent the legal

interests of others. *Santos*, 2024 WL 4858585, at *1. Accordingly, dismissal is appropriate as to the claims that J.F. brings on behalf of her mother or children or that J.F. asserts directly as the mother or children's representative because she cannot proceed *pro se* in this case on behalf of anyone other than herself.

Under these circumstances, J.F. has not established that she is able to proceed *pro se* on behalf of her mother or children under 28 U.S.C. § 1654 and alleges no other violations of federal law. Therefore, she lacks standing to bring these federal law claims. Dismissal without prejudice under 12(b)(1) is appropriate as to these claims because the Court lacks subject matter jurisdiction.

### B. Dismissal is proper for all claims because there was insufficient service of process.

J.F. filed this civil case on her own behalf and on behalf of her mother and children on December 5, 2024. ECF No. 1. Because J.F. paid the filing fee (see ECF No. 19), she was responsible for serving Ventura with a summons and copy of the complaint in this case within ninety days as provided by Rule 4(c) of the Federal Rules of Civil Procedure.

J.F. did not meet this deadline, and the Court sua sponte extended the deadline to serve Ventura until May 6, 2025. ECF No. 22. After missing the second deadline, the Court recommended dismissal under Federal Rule of Civil Procedure 4(m) on May 8, 2025. *See* ECF 2 No. 23. The next day, J.F. moved for an extension to serve Ventura. ECF No. 24. As a result, the Court vacated its recommendation to dismiss the case and granted J.F. an extension until June 12, 2025, to effect service. See ECF Nos. 27, 28.

After J.F. failed to effect service by June 12, the Court recommended on June 16, 2025, that Chief Judge O'Connor dismiss the case without prejudice under Federal Rule of Civil Procedure 4(m). *See* ECF No. 33. On July 3, 2025, Defendant filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1), (b)(5), and (b)(6). Accordingly, the Court vacated the

7

Findings, Conclusions, and Recommendation entered on June 16, 2025 (ECF No. 33) on July 8, 2025. ECF No. 38.

After receiving two extensions, J.F. did not deliver service of process until June 13, 2025, one day after the deadline imposed by the Court. J.F. did not provide good cause for the failure to provide service of process. Therefore, dismissal of all claims is appropriate under Rule 12(b)(5). Dismissal for insufficient service under Rule 12(b)(5) "is usually without prejudice to allow plaintiff an opportunity to effect proper service." *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 633 (N.D. Tex. 2007).

### C. The Court lacks jurisdiction to consider the Motion to Dismiss under Rule 12(b)(6) as to J.F.'s claims asserted on her mother's and children's behalf.

Because the Court lacks subject-matter jurisdiction over J.F.'s claims asserted for her mother and children, it should not consider Defendant's Motion to Dismiss for failure to state a claim under Rule 12(b)(6) as to such claims. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). And when grounds for dismissal exist under Rule 12(b)(1), "the court should dismiss only on the jurisdictional ground under [Rule] 12(b)(1), without reaching the question of failure to state a claim under [Rule] 12(b)(6)." *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

### D. J.F. did not state a claim upon which relief can be granted as to the claims she asserted on her own behalf.

Even if J.F. properly served her remaining claims, dismissal would be appropriate under Rule 12(b)(6) because she has not stated a claim upon which relief may be granted. Even liberally construing J.F.'s claims and taking all well-pleaded facts as true and viewed in the light most favorable to J.F., her pleadings do not "raise a right to relief above the speculative level." *Bell Atl.*

8

*Corp.*, 550 U.S. at 555.

    1.    <u>ADA claim</u>

The ADA contains three sections. Title I prohibits employers from "discriminating against a 'qualified individual with a disability because of the disability of such individual in regard to ... the hiring, advancement, or discharge of employees.'" *Burch v. Coca-Cola Co.*, 119 F.3d 305, 320 (5th Cir. 1997) (citing 42 U.S.C. § 12112(a)). "Title II of the ADA provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity. . . .'" *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000) (emphasis added) (citing 42 U.S.C. § 12132). Title III applies to businesses and non-profit organizations that operate "places of public accommodation." 42 U.S.C. § 12182(a). Because J.F. sues her landlord Ventura due to her eviction, Titles I and II of the ADA do not apply to Ventura's conduct and only Title III may be relevant.

Title III of the ADA states "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." *Magee v. Coca-Cola Refreshments USA, Inc.*, 833 F.3d 530, 532 (5th Cir. 2016); 42 U.S.C. § 12182(a). A private entity may qualify as a public accommodation, providing the entity "affect[s] commerce." 42 U.S.C. § 12181(7).

In her ADA claim, J.F. alleges that eviction is improper due to her disability. J.F. did not provide facts to show that Ventura owned or operated a "place of public accommodation." While she claimed that she suffered from "medical conditions," she did not sufficiently plead facts to show that she was a qualified individual under the ADA. ECF No. 3 at 2-3. Nor did she allege

9

facts showing that she was discriminated against because of her disability.

Although the ADA provides protection against discrimination, J.F. does not plead facts showing discrimination in this case. The ADA contains no standalone provision that prevents eviction. Absent a showing that Ventura discriminated against J.F. due to a qualifying disability or operated a public accommodation, and lacking the support of any other provision of the ADA, J.F. has not stated a claim upon which relief can be granted.

2. FHA claim

J.F. asserts that her eviction also is impermissible under the FHA. She cites *Tex. Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc.*, 576 U.S. 519 (2015) for the proposition that FHA protections include disparate impact liability when discriminatory effects harm "vulnerable populations." ECF No. 3 at 3. In that case, the Supreme Court held that FHA protections extend to disparate impact claims based on a protected characteristic. *Id.* at 519. However, J.F. has not pleaded facts to show that Ventura's actions had a disparate impact on her as a person with a disability as compared to persons without a disability. She also did not provide facts showing that Ventura had a discriminatory intent when evicting her. Nevertheless, she claims that the FHA prevents her eviction. This contention is without citation and lacks legal support. The FHA does not provide any alternative basis that would prevent J.F.'s eviction. Therefore, J.F. has not stated a claim upon which relief can be granted.

3. Texas state law claim

Finally, J.F. brings a state law claim under Texas Property Code § 91.004(b). This provision provides a tenant with a lien on landlord's nonexempt property to collect damages when the landlord fails to comply with a lease agreement. J.F. asserts that because Ventura acted in bad faith, the Texas Property Code entitles her to remain housed on the leased property. ECF No. 3 at

3. This interpretation stretches the property code beyond its natural reading and only cites one case in support, *PNC Mortgage v. Howard.* In that case, the Texas Supreme Court considered the doctrine of equitable subrogation in the mortgage foreclosure context. *PNC Mortgage v. Howard,* 668 S.W.3d 644, 646 (Tex. 2023).

J.F. attempts to extend this equitable doctrine to the lease context, claiming her contributions to the property's maintenance constitutes "substantial reliance." ECF No. 3 at 3. Her argument continues that because she has relied on the lease, eviction would be improper. *Id.* And because Ventura breached the lease, J.F. has a statutory right to secure her interest in the housing and enforce a lien against the property. *Id.* J.F. pleads no facts to support her allegations of Ventura's discriminatory behavior. Nor does she adequately show that any law provides her with a recognized cause of action. Her arguments are legally unsupported and factually insufficient. Therefore, J.F. has not met her burden to show her allegations give rise to a claim upon which relief can be granted.

## IV.   CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Chief Judge O'Connor **GRANT** Ventura's Motion to Dismiss (ECF No. 36) and dismiss J.F.'s complaint without prejudice under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and

recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on September 22, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE